IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TRUDELL MEDICAL INTERNATIONAL,** *Plaintiff,* v. **RPC FORMATEC GMBH,** *Defendant.* | Case No.: 1:14-cv-32-CMH-TRJ |

**[PROPOSED] JOINT DISCOVERY PLAN**

Pursuant to the Court's Order of May 13, 2014 (D.I. 35), Plaintiff Trudell Medical International ("Trudell") and Defendant RPC Formatec GmbH ("RPC") have met and conferred to develop a discovery plan for this case as set forth below in the Joint Proposal.

**JOINT PROPOSAL**

**I.    PROTECTIVE ORDER**

The parties shall submit a stipulated protective order with sealing provisions to the Court on or before **May 30, 2014**, and shall notice it for a hearing on **June 6, 2014**, to the extent the Court deems a hearing appropriate. The parties agree that any discovery responses, pleadings, or other non-publicly available material served in this matter before entry of the protective order may be designated as CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY and after the entry of the protective order will be re-designated by the producing party under the appropriate level of confidentiality pursuant to the protective order.

## II. INITIAL DISCLOSURES

The parties agree that their Rule 26(a)(1) disclosures will be exchanged on **June 6, 2014**.

## III. SETTLEMENT CONFERENCE

A settlement conference may be requested at any time in the case. The Court may refer the parties to consult with a Magistrate Judge or mediator regarding settlement.

## IV. MAGISTRATE JUDGE JURISDICTION

The parties do not consent to a trial before a United States Magistrate Judge.

## V. OTHER MATTERS

   a. General Discovery

Pursuant to the Court's Order of May 13, 2014, fact and expert discovery shall close on **September 12, 2014**, and each party shall be limited to thirty (30) interrogatories to each party. The number of non-party, non-expert witness depositions may not exceed five (5). Any party may seek leave from the Court at a future time to extend this discovery period or to increase these limits or any other limits on discovery set forth in the Federal Rules of Civil Procedure or this Court's Local Rules.

The parties agree that privilege logs will be served at the time that responsive documents are or should be produced rather than fifteen (15) days after service of the discovery request, as set forth in Local Rule 26(C), to which the privilege documents are responsive.

   b. Electronic Discovery

The parties agree that they will produce electronically stored information ("ESI") in bates-stamped TIFF file format with an accompanying text-searchable image file. Files that are not easily converted to image format, for example Excel and Access files, should be produced in native format. To the extent that proprietary software is required to access a particular form of

ESI, the parties will meet and confer to discuss alternative forms of production or inspection for such ESI. The parties further agree that they will submit to the Court on **May 30, 2014**, a separate proposed ESI Order outlining the parties plan for locating potentially responsive ESI (inclusive of Emails) and producing the same.

      c.   Infringement/Non-Infringement/Invalidity Disclosures

Contentions and disclosures pursuant to this Section V.c. may be supplemented only by order of the Court upon a showing of good cause by the moving party. Notwithstanding the preceding sentence, Trudell may, if applicable, amend its infringement contentions without leave of Court within one week of RPC's representation that it has substantially completed production of documents showing and describing the design of its dose indicator metering mechanisms that are or can be integrated into pressurized metered dose inhalers (pMDI) actuators, including but not limited to pMDI actuator mouthpieces used in conjunction with Atrovent® HFA that is distributed by Boehringer Ingelheim.

By **June 23, 2014**, Trudell agrees to provide RPC with an infringement chart identifying for each accused product the asserted patent claims, and specifically setting forth for each limitation of each asserted claim where such limitation is found within the accused product and whether the infringement is literally present or present under the doctrine of equivalents. By this date, Trudell shall also produce the file history for each asserted patent and identify the priority date to which each asserted claim is entitled.

By **July 11, 2014**, RPC agrees to identify each item or combination of prior art that it contends anticipates each asserted claim; identify each item or combination of prior art that it contends renders each asserted claim obvious; provide charts identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found; identify any

ground upon which its asserts that any of the asserted claims are invalid for any reason other than prior art; provide a copy of each item of prior art identified by RPC that does not appear in the file history of the asserted patents (together with any English translation of such documents completed prior to the date of such disclosures)

    d.  <u>Claim Construction</u>

On **June 27, 2014**, the parties shall simultaneously exchange terms for construction.

On **July 7, 2014**, the parties shall simultaneously exchange proposed constructions and supporting evidence, and shall as soon as practical thereafter meet and confer to discuss narrowing the number of terms for construction by the Court.

On **July 18, 2014**, the parties shall simultaneously exchange and file Opening *Markman* briefs, and shall simultaneously exchange and file Responsive *Markman* briefs on **July 25, 2014**.

The parties anticipate requesting a *Markman* hearing in early **August 2014**, and will file **one week prior to the *Markman* hearing** a Joint Claim Construction Chart identifying the parties' proposed constructions.

    e.  <u>Discovery Concerning Opinion of Counsel</u>

By **August 8, 2014**, RPC will disclose whether it intends to rely upon advice of counsel as a defense to a charge of willful infringement. To the extent that RPC elects to rely on advice of counsel in defense to a charge of willful infringement, by this date it will produce the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client privilege or work product protection has been waived.

    f.  <u>Experts</u>

The parties agree that any expert report on an issue for which the party has the burden of proof shall be served on or before **August 8, 2014**, and that any rebuttal expert report on an issue

for which the party does not have the burden of proof shall be served on or before **August 29, 2014**.

      g. Privilege

The parties agree the privileged communications and work product of any attorney or party client herein that are dated on or after the date of filing of the original complaint in this action need not be identified on any privilege log.

      h. Pretrial Matters

Pursuant to the Court's Order of May 13, 2014, witness lists and exhibits lists, signed by local counsel will be filed at the FINAL PRETRIAL CONFERENCE on **September 18, 2014**, The parties agree that a schedule for other pretrial matters, including submitting jury instructions, verdict forms, voir dire questions, briefing dispositive motions, objecting to trial exhibits, and disclosing and responding to deposition designations, be set during the **September 18, 2014** FINAL PRETRIAL CONFERENCE.

Dated: May 21, 2014      By:    */s/ Edward E. Bagnell, Jr.*
                                   M. F. Connell Mullins, Jr. (VSB # 47213)
                                   Email: cmullins@spottsfain.com
                                   Edward Everett Bagnell, Jr. (VSB # 74647)
                                   Email: ebagnell@spottsfain.com
                                   *Attorneys for Plaintiff*
                                   SPOTTS FAIN PC
                                   411 East Franklin Street, Suite 600
                                   P.O. Box 1555
                                   Richmond, Virginia 23218-1555
                                   Telephone: (804) 697-2000
                                   Facsimile: (804) 697-2100

                                   Of counsel:

                                   William H. Frankel (Admitted *Pro Hac Vice*)
                                   Email: wfrankel@brinksgilson.com
                                   David P. Lindner (Admitted *Pro Hac Vice*)

        Email: dlindner@brinksgilson.com
        Laura A. Lydigsen (Admitted *Pro Hac Vice*)
        Email: llydigsen@brinksgilson.com
        James M. Oehler (Admitted *Pro Hac Vice*)
        Email: joehler@brinksgilson.com
        *Attorneys for Plaintiff*
        Brinks Gilson & Lione
        NBC Tower, Suite 3600
        455 North Cityfront Plaza Drive
        Chicago, Illinois 60611-5599
        Telephone: 312.321.4200
        Facsimile: 312.321.4299


Dated:  May 21, 2014      By:

        */s/ Gary A. Coad*
        Brian E. Ferguson (*pro hac vice*)
        Robert Vlasis (*pro hac vice*)
        Gary A. Coad (Bar # 83759)
        Weil, Gotshal & Manges, LLP
        1300 Eye Street, N.W., Suite 900
        Washington, DC 20005
        Telephone: (202) 682-7000
        Facsimile: (202) 857-0940
        brian.ferguson@weil.com
        robert.vlasis@weil.com
        gary.coad@weil.com

        David J. Lender (*pro hac vice*)
        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, NY  10153
        Telephone: (212) 310-8000
        david.lender@weil.com

        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of May 2014, I will electronically file the foregoing Proposed Joint Discovery Plan with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian E. Ferguson (*pro hac vice*)
Robert Vlasis (*pro hac vice*)
Gary A. Coad (Bar # 83759)
Weil, Gotshal & Manges, LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
brian.ferguson@weil.com
robert.vlasis@weil.com
gary.coad@weil.com

David J. Lender (*pro hac vice*)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
david.lender@weil.com
*Attorneys for Defendant*

    By:    */s/ Edward E. Bagnell, Jr.*
Edward Everett Bagnell, Jr. (VSB # 74647)
Email: ebagnell@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218-1555
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Attorneys for Plaintiff*